IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Holly Rice, individually and as parent and natural guardian of N.R., D.W, D.W., K.W., minor children; Rudolph Smith and Yma Smith; Gary J. Kuklish and Kimberly Kuklish; George and Ursula C. Markish; and Darrel Redman and Gina Redman, individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*<br><br>  v.<br><br>Allegheny Energy Supply Company, LLC, West Penn Power Company, NRG Power Midwest, LP, GenOn Energy, Inc., Matt Canestrale Contracting, Inc.<br><br>   *Defendants*. | CIVIL ACTION NO.: 2:17-CV-00489-LPL<br><br>**CERTIFICATION OF COUNSEL** |

**PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER OF DISMISSAL AS TO DEFENDANTS NRG POWER MIDWEST, LP AND GENON ENERGY, INC. ONLY PURSUANT TO THE MARCH 2, 2019 ORDER OF THE BANKRUPCTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

  Plaintiffs, Holly Rice, *et al.*, by and through their undersigned counsel, RESPECTFULLY MOVE FOR AN Order of Dismissal as to NRG Power Midwest, LP and GenOn Energy, Inc., only, and state the following pursuant to the penalty of perjury:

  1. At all relevant times, the undersigned has been counsel of record with personal knowledge of the litigation and facts set forth, herein.

  2. As this Court is well aware, Plaintiffs are putative class representatives of a putative class action consisting of owners of private property and/or residents of private property in LaBelle and Luzerne Townships, Fayette County, Pennsylvania. They complain of continuing

1

environmental contamination and polluting events upon their property and their persons caused by the conduct and activities of the Defendants herein in ongoing torts. Movants are alleged to have caused the dispersion of coal ash and its fugitive dust onto the Plaintiffs and their properties, as well as the surrounding private homes and businesses.  Claims for personal injury, property damage, trespass, nuisance, and medical monitoring have been asserted on behalf of the putative class and its putative class representatives.

3. The putative class action is and always has been a multi-defendant suit against various entities Plaintiffs believed to be responsible for the deposit of coal ash into an unlined and uncovered pit that continues to contaminate class members and their properties on a daily basis. Plaintiffs initially named NRG Energy, Inc. as a Defendant under the theory that NRG owned and controlled its wholly owned subsidiaries that, in turn, previously owned and operated the Elrama power generating station that disposed of the coal ash at issue and/or predecessor entities by merger or acquisition. (Dkt. 12, Plaintiffs' First Amended Complaint, filed June 21, 2017). Neither GenOn Energy, Inc. nor NRG Power Midwest, LP were named defendants in the Complaint, First Amended Complaint nor during the entirety of the bankruptcy proceedings now at issue.

4. On June 14, 2017, GenOn Energy, Inc. and 61 affiliated companies (including NRG Power Midwest, LP) filed petitions in the United States Bankruptcy Court for the Southern District of Texas seeking relief under chapter 11 of the United States Bankruptcy Code. The Debtors' cases have been assigned to Judge David R. Jones. The Debtors' cases have been jointly administered for procedural purposes, meaning that all pleadings are maintained on the case docket for GenOn Energy, Inc., Case No. 17-33695 (the "Main Case Docket").

5. On August 2, 2017, the Bankruptcy Court entered the Order (I) Affirming Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Notice of Bar Dates, with a bar date set for individuals of September 15, 2017.

6. Crucially, the only Plaintiffs in Rice who appeared on any bankruptcy list of creditors were the named putative class representatives, but only as individuals holding individual claims. The only putative class members who received notice of the bankruptcy and bar date were, at best, the named putative class representatives, by and through undersigned counsel. At no time were the remaining putative class members identified on any list of creditors nor provided notice of the bankruptcy nor bar date. Thus, at best, only 5 of the 50 homes in close proximity of the coal ash pit were wither "scheduled" or received any claim and bar date notice.

7. The bar date notice included the following language: Section III "Certain parties are not required to file a Proof of Claim," and that "The following entities holding claims that would otherwise be subject to the Bar Dates need not file proofs of claim: (e) any entity that asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor." As previously set forth, Plaintiff s' claims in Rice were, at all relevant times, against NRG, "a non-Debtor affiliate of a Debtor."

8. On December 12, 2017, the Bankruptcy Court entered an Order confirming the 3rd amended chapter 11 plan.

9. When NRG Energy Inc. moved this Court for an entry of summary judgment in its favor (Dkt. 72, 73 & 74, filed July 6, 2018) asserting that NRG Energy, Inc. did not own or

operate the Elrama Plant, it stated the following in support of its motion in its Statement of Material Facts (Dkt. 73):

> Specifically, NRG Energy, Inc. denied that it owned or operated the Elrama Power Plant, even going so far to note that the power plant was "owned/operated by an entity currently in bankruptcy [which information was conveyed to] Plaintiffs' [sic] counsel during a telephone conference on November 3, 2017." Doc. 48, ¶10.

10. That conversation, however, did not disclose the involvement of GenOn, which was not a direct owner of the Elrama plant, nor did NRG Energy ever disclose the involvement of its wholly owned subsidiary in any discovery response, court filing nor court conference. The involvement of GenOn was only learned by reviewing documents obtained from co-movant Canestrale in discovery related to the then pending motions for summary judgement in the summer of 2018, by which time the bankruptcy claims process had long ended and the bankruptcy discharge had long occurred.

11. No affirmative defense was raised as to the bankruptcy on behalf of either GenOn nor NRG Power Midwest and, again, no motions or other filings were made with this Court regarding this bankruptcy until a motion for an indefinite stay was filed by GenOn and NRG Midwest. (Dkt. 104). At no time did NRG Energy Inc., GenOn Energy, nor NRG Power Midwest, LP file a notice with this Court regarding the bankruptcy case *In Re GenOn Energy, Inc., et al.*, Case 17-33695 and at no time did any of these entities otherwise request a stay of these proceedings.

12. On September 7, 2018, this Court rendered its opinion and entered its order granting NRG Energy, Inc.'s motion for summary judgment and giving the putative class the opportunity to amend the complaint to add those subsidiary entities identified in motion-related discovery to have been involved and be potentially liable for the deposit of the coal ash at issue (Dkt. 91 & 92).

13. On September 28, 2018 Plaintiffs' filed their Amended Complaint that, for the first time, named NRG Power Midwest, LP and GenOn Energy, Inc. as movants in the present suit. (Dkt. 93). On January 8, 2019, counsel for NRG Power Midwest, LP and GenOn Energy, Inc. filed a stipulation giving those parties until January 30, 2018 to file an answer to Plaintiffs' Second Amended Complaint. (Dkt. 103). Plaintiffs' consented to the filing of the stipulation.

14. On January 28, 2019, GenOn and NRG Power Midwest filed a motion asking this Court to grant an open-ended extension of time until the bankruptcy court that previously presided over their bankruptcies ruled on a motion filed there asking that court to enter an order holding that liability in the suit before this Court had been discharged before they were added in the Second Amended Complaint expressly arguing that this Court lacked jurisdiction to determine the effect of that discharge upon this litigation and anything related to that bankruptcy. (Dkt. 104 & Dkt. 106). GenOn and NRG Power Midwest also amended their motion by filing the motion subsequently filed before the U.S. Bankruptcy Court for the Southern District of Texas on this Court's docket as an additional exhibit. (Dkt 106).

15. On February 13, 2019, this Court entered a docket order denying GenOn and NRG Power Midwest's motion. The Court rejected the argument that it lacked jurisdiction by ordering that GenOn and NRG Power Midwest file responsive pleadings no later than February 20, 2019.

16. The parties fully briefed the bankruptcy court motion that sought, in part, to re-litigate at least some of the issues raised in their prior motion, including this Court's jurisdiction to determine dischargeability of the putative class claims. (Plaintiffs experienced considerable difficulty filing their submission due to no prior contact with the bankruptcy proceeding). A true

copy of GenOn and NRG Power Midwest's submissions, without exhibits, are attached hereto as exhibit A, and Plaintiffs' submission, without exhibits are attached hereto as Exhibit B.

17. GenOn and NRG Power Midwest essentially argued:

1. All Plaintiffs were properly "scheduled" and served with bankruptcy and bar claim notice;

2. No claims were submitted by any plaintiff;

3. All claims asserted by the class action plaintiffs were discharged by the chapter 11 plan confirmation;

4. Plaintiffs had violated the injunction against pursuing discharged claims;

5. Only the Bankruptcy Court had jurisdiction to interpret its Orders and the Plan and determine dischargeability and the effect of the injunction.

18. Plaintiffs' papers essentially argued:

1. Most class members had neither been included on any creditor schedule nor received notice of the bar date;

2. Discharging unnoticed and unscheduled claims is a violation of due process;

3. Even the scheduled putative class representatives lacked the ability to meaningfully make any claims given the early stages of the class action proceedings;

4. Plaintiffs were willing to limit claims to available insurance, which was not part of the bankruptcy estate nor debtor's assets;

5. Medical monitoring claims are equitable in nature and not dischargeable;

6. The existence of a continuing tort.

19. On February 28, 2019, the parties hereto appeared before the Bankruptcy Court. The court determined that the present claims against GenOn and NRG Power Midwest before this Court were in violation of the discharge and injunction and ordered them withdrawn.

20. On March 2, 2019, the Bankruptcy Court entered an Order, in the form attached hereto as Exhibit C, requiring, *inter alia*: that Plaintiffs withdraw the present suit and claims against GenOn and NRG Power Midwest within 5 business days of the date of the entry of that Order and file proof that such dismissal had occurred with 10 business days.

21. On March 7, 2019, Plaintiffs' counsel prepared a Stipulation of Dismissal to opposing counsel to be "SO Ordered" by this Court.

22. Later that day, opposing counsel advised that they would not execute the proposed Stipulation but supplied a Notice of Dismissal to be filed by Plaintiffs. After research, opposing counsel was advised that the proposed Notice did not conform to established practice at this procedural stage. Opposing counsel thereafter notified the undersigned on March 8, 2019 that Plaintiffs would have to proceed by motion to comply with the dismissal of claims ordered by the Bankruptcy Court.

23. Accordingly, without regard to any agreement with the determinations made by the Bankruptcy Court but with the highest respect for that Court and its March 2, 2019 Order, Plaintiffs hereby move to dismiss their claims against GenOn and NRG Power Midwest.

Respectfully Submitted,

Dated: March 11, 2019

/s/ W. Steven Berman
W. Steven Berman, Esq. (PA #45927)
One Greentree Center, Suite 201
10,000 Lincoln Dr. E.
Marlton, NJ 08053
Phone: (856) 988-5574
Fax: (636) 843-7603

--and—

Aaron R. Modiano, Esq. (FL #90563)
*Admitted Pro Hac Vice*
2665 S. Bayshore Dr.
Ste. 220
Miami, FL 33133
Phone: (786) 837-5442
Fax: (786) 441-2442

**CERTIFICATE OF SERVICE**

  I hereby certify that, on March 11, 2019, a true and correct copy of the foregoing was filed with the Court via its ECF system and served on all counsel registered for service thereby:

  Matthew R. Divelbiss, Esq.
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, PA 15211
Phone: (412) 391-3939
Facsimile: (412) 394-7959

  James M. Jones, Esq.
Jones Day
250 Vesey Street
New York, NY 10281-1047
Phone: (212) 326-7838
Facsimile: (212) 755-7306
*Counsel for Defendants NRG Power Midwest, LP, GenOn Energy, Inc.*

  Kathy K. Condo, Esq.
Babst Calland
Two Gateway Center
  Pittsburgh, Pennsylvania 15222
*Counsel for Defendants Allegheny Energy Supply Company, LLC, West Penn Power Company*

  Jennifer M. Swistak, Esq.
William B. Pentecost, Jr., Esq.
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
*Counsel for Defendant Matt Canestrale Contracting, Inc.*

  William T. Gorton III, Esq.
Stites & Harbison PLLC
250 West Main Street
Suite 2300
Lexington, KY 40507-1758
*Counsel for Defendant Matt Canestrale Contracting, Inc.*

  Louis C. Long, Esq.
Thomas, Thomas & Hafer LLP
525 William Penn Place, Suite 3750
Pittsburgh, Pennsylvania 15219
*Counsel for Defendant Matt Canestrale Contracting, Inc.*

  *NAPOLI SHKOLNIK, PLLC.*
Attorneys for Plaintiffs

_____
W. Steven Berman, Esq. (PA #45927)